IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**SHAIDON BLAKE,**

    **Petitioner,**

    v.                                        CASE NO. 21-3006-SAC

**JEFF ZMUDA, et al.,**

    **Respondents.**

## MEMORANDUM AND ORDER

This matter is a *pro se* petition for writ of habeas corpus filed under 28 U.S.C. § 2254. Petitioner has requested leave to proceed *in forma pauperis* (*see* ECF No. 3), and the Court denies Petitioner's motion as moot.

**Background**

Petitioner was convicted of 2nd degree murder and conspiracy to commit 1st degree murder on April 13, 2007 in the Circuit Court for Baltimore City, Maryland. He was sentenced to life in prison. *State v. Blake*, Case Nos. 106177028, 106177029, Circuit Court for Baltimore City. Petitioner appealed his conviction to the Maryland Court of Special Appeals, and the court affirmed Petitioner's convictions and sentence on June 19, 2009. *See Blake v. Wolf*, Case No. 2013-cv-1160, 2015 WL 9490233 (D. Md. Dec. 29, 2015). On or about July 21, 2009, Petitioner filed a motion for post-conviction relief in the Circuit Court. *Id*. The court denied Petitioner's motion on August 8, 2011. Petitioner appealed, and his application for leave to appeal was denied on December 19, 2012.

Petitioner then filed a 28 U.S.C. § 2254 petition in the Maryland District Court on April 19, 2013. On December 29, 2015, the court denied Petitioner's petition for writ of habeas corpus under § 2254. *Blake*, 2015 WL 9490233. Petitioner filed a second § 2254 petition in the Maryland

1

District Court on March 5, 2018.   The court dismissed the petition as successive on March 28, 2018. *Blake v. Warden*, Case No. 2018-cv-0698 (D. Md. Mar. 28, 2018).  On May 14, 2018, Petitioner filed a motion in the Fourth Circuit Court of Appeals requesting authorization to file a successive habeas application.  The Fourth Circuit denied his motion on May 29, 2018. *In re: Shaidon Blake*, Case No. 2018-228 (4th Cir. May 29, 2018).

It appears Petitioner filed another post-conviction action in the Baltimore Circuit Court on December 9, 2020, and that action remains pending.

Petitioner filed the instant petition under § 2254 on January 7, 2021.  He challenges the 2007 Maryland convictions.

**Rule 4 Review of Petition**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254.

**Discussion**

The Court has conducted a preliminary review of the petition and finds that this matter is a third application for habeas corpus challenging the same convictions and is therefore successive. A prisoner may not file a second or successive action under § 2254 without first obtaining authorization from the circuit court of appeals allowing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A). Without such authorization, the Court does not have jurisdiction to address the merits of Petitioner's current § 2254 petition. *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam).

When a district court receives a successive petition without the necessary authorization, the court may either dismiss it for lack of jurisdiction or transfer it to the circuit court in the interest of justice. *Id*. at 1252. Factors the Court considers in deciding whether a transfer is in the interest of justice include "whether the claim would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith." *Id.* at 1251 (citing *Trujillo v. Williams*, 465 F.3d 1210, 1223 n.16 (10th Cir. 2006)).

In this case, Petitioner's claims appear to be time-barred. In addition, Petitioner purports to be raising a new actual innocence claim, but the basis for the claim, DNA and lab reports allegedly withheld by the prosecution, was considered in his first § 2254 petition. *See Blake*, 2015 WL 9490233, at *18. Finally, because Petitioner previously filed a second application for habeas corpus in 2018 and yet failed to seek prior authorization for his current filing, the Court cannot find the claims were filed in good faith. The Court concludes the transfer of this matter to the U.S. Court of Appeals for the Tenth Circuit would not further the interests of justice. Petitioner may seek authorization by applying to that court.

**IT IS THEREFORE ORDERED** that Petitioner's motion for leave to proceed *in forma pauperis* (ECF No. 3) is **denied** as moot.

**IT IS FURTHER ORDERED** that this matter is **dismissed** as an unauthorized second or successive petition under 28 U.S.C. § 2254, which this Court lacks jurisdiction to consider.

**IT IS SO ORDERED**.

**Dated April 16, 2021, in Topeka, Kansas.**

    s/_Sam A. Crow_____
    **Sam A. Crow**
    **U.S. Senior District Judge**